### BAIR v CLEVELAND (City)

Ohio Appeals, 8th Dist, Cuyahoga Co

No 11478. Decided March 16, 1931

Frank S. Day, Cleveland, for Bair.

Harold H. Burton, Stephen Gobozy and Norman A. Ryan, all of Cleveland, for City.

SHERICK, PJ, LEMERT & MONTGOMERY, JJ, (5th Dist) sitting.

SHERICK, PJ.

Having in mind the rule announced by the Supreme Court in the case of **Cooper v State of Ohio, 121 Oh St 562,** we have reviewed this testimony and it is the opinion of this Court, in view of the fact that there is no conflict in the testimony, that there is sufficient reasonable and competent evidence to support the judgment of the trial court. It is not for us to determine, in view of the state of this record, wherein the probable truth lies as there is no conflicting evidence, and we do find that there is such evidence as is sufficient to support the judgment by that degree of proof which the character of the case requires; that is, from the evidence we are unable to say that the testimony in this case does not warrant the judgment, and that the evidence is of such a character as to establish the proof of the defendant's guilt beyond a reasonable doubt.

Our attention has been further called to the fact that the defendant did not offer himself as a witness and we believe that the trial court was warranted in considering this fact along with the evidence intro-

duced in the trial of this case, and we agree with the Court in the case of **Vecchio v the State of Ohio, 32 O.L.R. 553,** that it is proper for a court to consider the failure of the defendant to take the stand in his own behalf as substantial evidence of his guilt. His failure to speak when opportunity is open to him is surely some evidence of the probable truth of the accusation placed against him.

It is therefore the judgment of this Court that there is no error in this record, and that the evidence fully warrants the judgment of conviction. We have examined the other grounds of error alleged in the petition in error and find that no errors prejudicial to the rights of the plaintiff in error have intervened.

The judgment of this court therefore is that the judgment of the trial court be affirmed.

LEMERT and MONTGOMERY, JJ, concur.